# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. SEMENECK,<br><br>        Plaintiff,<br><br>   v.<br><br>PAM AHLIN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00566-SMS PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, AND GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS IN THIS ACTION<br><br>(Docs. 5 and 6) |

Plaintiff John P. Semeneck, a civil detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 27, 2009. On April 1, 2009, the Court issued an order directing the Clerk's Office to send Plaintiff a regular in forma pauperis (ifp) application, and ordering Plaintiff to either file a completed ifp application or pay the $350.00 filing fee in full. On April 16, 2009, Plaintiff filed a motion seeking reconsideration of the order.

A party may seek to be relieved from a court order. Fed. R. Civ. P. 60(b)(6); Local Rule 78-230(k). The remedy "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and

1  citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to
2  show "what new or different facts or circumstances are claimed to exist which did not [previously]
3  exist . . . ."

4        In his motion, Plaintiff contends that he is a civil detainee and not a prisoner, and is therefore
5  unable to fill out the form sent to him.  In lieu of the form application, Plaintiff submits a
6  handwritten application for leave to proceed in forma pauperis, signed under penalty of perjury, and
7  a copy his trust account statement.

8        As evidenced from the first page of the ifp application submitted by Plaintiff in support of
9  his motion, the Clerk's Office did not send Plaintiff a regular civil ifp application as instructed and
10 instead sent Plaintiff the form used for prisoners.  Plaintiff 's motion for reconsideration is denied
11 because the Court did not err in issuing its order.  Rather, the error, administrative in nature, lies with
12 the form sent to Plaintiff by the Clerk's Office.  However, in light of Plaintiff's submission of an
13 application that meets the requirements, the Court will grant Plaintiff leave to proceed ifp and will
14 not require Plaintiff to fill out a form application.

15       Based on the foregoing, Plaintiff's motion for reconsideration is DENIED, and Plaintiff is
16 GRANTED leave to proceed in forma pauperis in this action.

18 IT IS SO ORDERED.

19 Dated:    October 29, 2009              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE