# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. SEMENECK, | CASE NO. 1:09-cv-00566-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND REQUIRING PLAINTIFF TO COMPLY WITH SCREENING ORDER WITHIN THIRTY DAYS |
| v. | |
| PAM AHLIN, et al., | |
| Defendants. | (Doc. 12) |

Plaintiff John P. Semeneck is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 30, 2009, the Court dismissed Plaintiff's complaint and supplement complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  Plaintiff filed a motion for reconsideration on November 20, 2009.[1]

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff

---

[1] Federal Rule of Civil Procedure 72(a), cited to by Plaintiff, is not applicable.  This is a consent case, and therefore, Plaintiff is not entitled to have his objections reviewed by a district judge.  Appendix A(k)(4) of the Local Rules of the Eastern District of California.

1

1  to show "what new or different facts or circumstances are claimed to exist which did not exist or
2  were not shown upon such prior motion, or what other grounds exist for the motion."

3      "A motion for reconsideration should not be granted, absent highly unusual circumstances,
4  unless the district court is presented with newly discovered evidence, committed clear error, or if
5  there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma</u>
6  <u>GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
7  and "[a] party seeking reconsideration must show more than a disagreement with the Court's
8  decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
9  decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

10      The basis for Plaintiff's motion for reconsideration is his disagreement with the Court's
11  screening decision and the Court's application of the law to his complaint. Plaintiff has not shown
12  clear error or other meritorious grounds for relief, and has therefore not met his burden as the party
13  moving for reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880. Plaintiff's disagreement
14  is not sufficient grounds for relief from the order. <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131.

15      Plaintiff's motion is HEREBY DENIED, with prejudice, and Plaintiff is required to comply
16  with the Court's order within **thirty (3) days** from the date of service of this order or this action will
17  be dismissed with prejudice for failure to state any claims for relief under section 1983.

19  IT IS SO ORDERED.

20  **Dated:   November 23, 2009**          **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE