# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. SEMENECK,<br><br>        Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00566-SMS PC<br><br>ORDER DENYING MOTION FOR RECUSAL AND/OR FOR REASSIGNMENT TO A DISTRICT JUDGE, WITH PREJUDICE<br><br>(Doc. 14) |

Plaintiff John P. Semeneck is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 2, 2009, Plaintiff filed a motion seeking recusal of the undersigned and/or reassignment of this action to a district judge.

Disqualification is required if a judge's impartiality might reasonably be questioned, or if the judge has a personal bias or prejudice for or against a party. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). Plaintiff's disagreement with the Court's judicial rulings in this case does not constitute a valid basis for a bias or partiality motion. In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

Plaintiff has not made the requisite showing, and his motion for recusal of the undersigned is denied.

Further, this action was assigned to the undersigned pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, and Plaintiff did not exercise his right to request reassignment to a district judge at the initiation of this action. Appendix A(k)(3). Instead, Plaintiff consented to United States Magistrate Judge jurisdiction on April 16, 2009. Plaintiff's disagreement with the Court's orders provides no basis for the withdrawal of his earlier consent, and this case will remain assigned to the undersigned. <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993). Plaintiff's motion for reassignment to a district judge is denied.

For the reasons set forth herein, Plaintiff's motion, filed December 2, 2009, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   December 4, 2009**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE