# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

JOHN P. SEMENECK,                          CASE NO. 1:09-cv-00566-SMS (PC)

                Plaintiff,                 ORDER DENYING PLAINTIFF'S
MOTION FOR APPLICATION TO APPEAL
   v.                                          and DENYING PLAINTIFF'S REQUEST FOR
APPOINTMENT OF COUNSEL
AHLIN, et. al.,
                                               (Doc. 16)

                Defendants.

_____/

## I.      Procedural Background

Plaintiff, John P. Semeneck ("Plaintiff"), is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 30, 2009, the Court dismissed Plaintiff's Complaint and Supplement Complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  (Doc. 11.)  Plaintiff filed a motion for reconsideration on November 20, 2009 (Doc. 12), which was denied on November 23, 2009 (Doc. 13).  On December 21, 2009, Plaintiff filed a motion for application to appeal both the October 30, 2009 order screening and dismissing the Complaint and Supplemental Complaint, with leave to amend, and the November 23, 2009 order denying reconsideration thereof.  (Doc. 16.)  Ten days later, Plaintiff filed his First Amended Complaint.[1]  (Doc. 18.)

This Court construes and analyzes Plaintiff's motion for application to appeal (Doc. 16) as a request for certification of an interlocutory appeal.

---

[1] The First Amended Complaint has not yet been screened, but will be screened in due course.

**II.     Interlocutory Appeal**

**A.     Legal Standards**

When an issue is unresolved and interlocutory resolution could materially advance the termination of the litigation, 28 U.S.C. § 1292(b) ("section 1292(b)") permits a question to be certified for appeal, when a district court certifies that an order not otherwise appealable under section 1292(b) "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *U.S. v. W.R. Grace*, 526 F.3d 499, 522 (9th Cir. 2008); 28 U.S.C. § 1292(b). "Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, n.10 (1996). Thus, section 1292(b) requires a two step application process.

Step one under section 1292(b) is at the district court level for certification of the order – which is discretionary. S. Repr. 2434, 85th Cong., 2d Sess., 1958, in 1958 U.S. Code Cong. & Admin. News 5255, 5257. Indeed, permissive interlocutory appeal is not available absent written certification from the district court. *Credit Suisse v. U.S. District Ct.*, 130 F.3d 1342, 1346 (9th Cir. 1997). A district court may amend its order to add findings for an interlocutory appeal. Rule 5 of the Federal Rules of Appellate Procedure governs appeals by permission under section 1292(b):

> (a) Petition for Permission to Appeal
>
> . . .
>
> > (3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.

If a district court determines to certify an order for interlocutory appeal because it involves a controlling question of law, after the order is initially entered, the proper procedure is to amend the order to contain the required certification. *Haas v. Pittsburgh Nat. Bank*, 627 F.2d

677, 679 n.1 (3d Cir. 1980).  A certification order that is not directly framed as an amendment of the original order may nonetheless be treated as an amendment.  *Id.*  Though not stated as such, the practical application of the permission to appeal sought by Plaintiff requests that this Court amend its order dismissing the Complaint and Supplemental Complaint to permit him to pursue an appeal pursuant to section 1292(b).

Step two under section 1292(b) is before the court of appeals for permission to appeal.  *U.S. v. W.R. Grace*, 526 F.3d 522 ("once the district [court] opens the gate to this court, we exercise complete, undeferential review to determine whether the court properly found that § 1292(b)'s certification requirements were satisfied.")  "[A] party must obtain certification from *both* the district court *and* the court of appeals to bring an interlocutory appeal."  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).  Thus, this Court has the authority to entertain the petition for certification of an order for interlocutory order, because Plaintiff consented to Magistrate Judge jurisdiction[2] and certification by the district court is the first step in section 1292(b) procedure.

### 1. Section 1292(b) Requirements

Section 1292(b) imposes three criteria that must be met before a district court may certify an interlocutory appeal:  the order must state "(1) that there is a controlling question of law; (2) that there is substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir.1982), *aff'd*, 459 U.S. 1190 (1983); 28 U.S.C. § 1292(b).

"Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare."  *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004).  "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."  *McFarlin v. Conesco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).  "Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction

---

[2]  Plaintiff consented to magistrate judge jurisdiction for all proceedings in this case.  (Doc. 4.)  Therefore, the Magistrate Judge has authority to conduct all proceedings in the district court in this action.  *See* Rule 305and Appendix A(k)(4) of the Local Rules of the Eastern District of California, Fed. R. Civ. P. 73(a).

1    function." *Weber v. U.S. Trustee*, 484 F.3d 154, 159, n.3 (2nd Cir. 2007).  Only "exceptional

2    circumstances justify departure from the basic policy of postponing appellate review until after

3    the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

4                                        **a.  Controlling Question of Law**

5          An issue is "controlling" if its resolution could materially affect the outcome of the

6    litigation.  *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026 (trial judge's recusal is

7    a collateral issue).  Section 1292(b) appeals should be reserved for "situations in which the court

8    of appeals can rule on a pure, controlling question of law without having to delve beyond the

9    surface of the record in order to determine the facts," and requires that "resolution of a

10   controlling legal question would serve to avoid a trial or otherwise substantially shorten trial."

11   *McFarlin*, 381 F.3d at 1259.  "The Supreme Court has recognized that 28 U.S.C. § 1292(b) acts

12   as a safety valve for 'serious legal questions taking the case out of the ordinary run.'" *Estate of*

13   *Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1116 (9th Cir. 2002) *quoting Digital*

14   *Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994).

15         "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a

16   genuine issue of fact, or whether the district court properly applied settled law to the facts . . . ."

17   *Id.*  "The legal question must be stated at a high enough level of abstraction to lift the question

18   out of the details of the evidence or facts of a particular case and give it general relevance to

19   other cases in the same area of law." *Id.*  The term "question of law" does not mean the

20   application of settled law to fact.  *Ahrenholz v. Board of Trustees of the University of Illinois*,

21   219 F.3d 674, 676 (7th Cir.2000).  Nor does it mean any question, the decision of which requires

22   rooting through the record in search of the facts or of genuine issues of fact. *See id.*  Instead, what

23   the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called

24   one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to

25   study the record." *Id.* at 677.

26         Plaintiff disagrees with, and seeks appellate review of, this Court's screening decision

27   and the Court's application of the law to his factual allegations within the Complaint and

28   Supplemental Complaint.  Reviewing this issue would require extensive factual review via

                                                    4

1   essentially a re-screening of Plaintiff's factual allegations in his Complaint and Supplemental

2   Complaint which is the "antithesis of a proper § 1292(b) appeal," *McFarlin*, 381 F.3d at 1259,

3   and does not involve a controlling question of law so as to justify certification by this Court for

4   appeal under section 1292(b).

5                              **b. Difference of Opinion**

6            "In determining whether to grant review, we should ask if there is substantial dispute

7   about the correctness of any of the pure law premises the district court actually applied in its

8   reasoning leading to the order sought to be appealed." *McFarlin*, 381 F.3d at 1259.  When an

9   appellate court is in "complete and unequivocal" agreement with a district court, there is no

10  "substantial ground for difference of opinion." *McFarlin*, 381 F.3d at 1258.

11           Plaintiff does not show a difference of legal opinion as to the issue he challenges.  Rather,

12  the only difference of opinion raised by the present motion is Plaintiff's difference of opinion

13  with this Court as to whether the factual allegations in the Complaint and Supplemental

14  Complaint state a cognizable claim.

15           A district court has a duty "to analyze the strength of the arguments in opposition to the

16  challenged ruling when deciding whether the issue for appeal is truly one on which there is a

17  substantial ground for dispute." *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D.

18  Pa.1983).  This Court analyzed the strength of Plaintiff's factual allegations to state any

19  cognizable claims, and construed all inferences in the light most favorable to Plaintiff, at the time

20  of issuing the Order Granting Plaintiff's Motion for Leave to File Supplemental Complaint;

21  Dismissing the Complaint and Supplemental Complaint with leave to amend.  (Doc. 11.)

22  Substantial ground for dispute did not exist at that time.  A current review reveals a lack of

23  substantial ground for dispute, and Plaintiff presents none.  Instead, Plaintiff relies on the

24  difference between his view (that he stated cognizable claims such that he should be allowed to

25  proceed on the factual allegations presented in the Complaint and Supplemental Complaint) and

26  this Court's ruling dismissing his Complaint and Supplemental Complaint with leave to amend

27  for failure to state any cognizable claims.  Plaintiff's arguments thus do not give rise to a

28

substantial ground for dispute.

### c. Material Advancement

A party seeking interlocutory certification must show that an immediate appeal may "materially advance," rather than impede or delay, ultimate termination of the litigation. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026. "When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378-379.

Plaintiff does not address whether a section 1292(b) appeal in his favor would materially advance this action. Rather, without arguing as much, Plaintiff appears to believe that this Court's decision upon screening of the Complaint and Supplemental Complaint was incorrect and that the Ninth Circuit will rule in Plaintiff's favor to correct the error and allow Plaintiff to proceed on the factual allegations stated in the Complaint and Supplemental Complaint.

Plaintiff fails to persuade this Court that a section 1292(b) appeal will materially advance this action; rather, it appears quite certain that a section 1292(b) appeal would increase chances of delay. Even if this case was certified for interlocutory appeal by this Court, the Ninth Circuit accepted it for appeal, and ruled in Plaintiff's favor, there would most likely be a remand to this Court to screen the First Amended Complaint – which is the precise posture of the action on this very date. An orderly appeal can be taken from an entered judgment, if after screening, the First Amended Complaint and any subsequent amended complaints which Plaintiff is granted leave to file are found not to state any cognizable claims so as to result in this action's ultimate dismissal.

Thus, this Court declines to certify an interlocutory appeal for Plaintiff as he fails to present any issue that involves a controlling question of law which would not require the appellate court to delve beyond the surface of the record in order to determine the facts; he fails to show that there is substantial grounds for difference of opinion; and an immediate appeal will not materially advance the ultimate termination of the litigation.

### III. Appointment of Counsel

In the subject motion, Plaintiff also requests that counsel be appointed to represent him.

1  Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*
2  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to
3  represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court*
4  *for the Southern District of Iowa*, 490 U.S. 296, 309-10 (1989).  However, in certain exceptional
5  circumstances the Court may request the voluntary assistance of counsel pursuant to section
6  1915(e)(1).  *Rand*, 113 F.3d at 1525.
7      Without a reasonable method of securing and compensating counsel, the Court will seek
8  volunteer counsel only in the most serious and exceptional cases.  In determining whether
9  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
10  of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
11  complexity of the legal issues involved."  *Id*. (internal quotation marks and citations omitted).
12      In the present case, the Court does not find the required exceptional circumstances.  Even
13  if it is assumed that Plaintiff is not well versed in the law and that he has made serious
14  allegations which, if proved, would entitle him to relief, his case is not exceptional.[3]  This Court
15  is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court
16  cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a
17  review of the record in this case, the Court does not find that Plaintiff cannot adequately
18  articulate his claims.  *Id*.
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / /
25  / /
26

27      [3] On December 31, 2009, Plaintiff filed a first amended complaint which has not yet been screened to
28  determine whether it contains any cognizable claims for relief.  28 U.S.C. § 1915A.  The Court has many civil cases
pending before it and will screen Plaintiff's First Amended Complaint in due course.

**IV.    Conclusion and Order**

  Based on the foregoing, Plaintiff's "Motion for Application to Appeal: re: Magistrate Judge's Screening Order and order Denying Reconsideration With Prejudice; Request for Appointment of Counsel," filed on December 21, 2009 is DENIED both as a request for certification of interlocutory appeal under 28 U.S.C. § 1292(b) and as to Plaintiff's request for appointment of counsel.


IT IS SO ORDERED.

**Dated:    June 16, 2010**                    _____/s/ Sandra M. Snyder_____
                                      UNITED STATES MAGISTRATE JUDGE