**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN P. SEMENECK, | ) Case No.: 1:09-cv-00566 JLT (PC) |
|              Plaintiff, | ) ORDER DISMISSING FIRST AMENDED |
| | ) COMPLAINT WITH PREJUDICE FOR |
|       v. | ) FAILURE TO STATE A CLAIM |
| PAM AHLIN, et al., | ) |
|              Defendants. | ) |

John P. Semeneck ("Plaintiff") is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* and *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983 against the following individuals at CSH: Pam Ahlin, Executive Director; Rick Daley, Chief of Central Program Services; Gary Keike, Chief of Central Program Services; Diane Wilson, Mail Room Supervisor; Yvonne Beuster, Trust Office Supervisor; Mail Room Staff; and Trust Office Staff (collectively, "Defendants"). Plaintiff filed this action on March 27, 2009. (Doc. 1). Plaintiff supplemented his Complaint on April 16, 2009. (Doc. 7). On October 20, 2009, the Court reviewed the Supplemented Complaint and issued its Order dismissing the Complaint and Supplemental Complaint for failure to state any claims upon which relief could be granted (Doc. 11). Plaintiff filed a motion for reconsideration on November, 20, 2009. (Doc. 12), which was denied on

November 23, 2009.  (Doc. 13).  On December 31, 2009, Plaintiff filed his First Amended Complaint (Doc. 18), which is now before the Court.

## I. Screening Requirement

Where a detainee or prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims."  28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or… seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  In determining malice, the Court examines whether the claims are pled in good faith.  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and… a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of

action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S.Ct. at 1949. When the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.  § 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege that he suffered a specific

3

injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").  As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

**IV.   Discussion and Analysis**

According to Plaintiff, he delivered nine envelopes marked "legal mail" to the psychiatric technician for mailing on March 8, 2009.  (Doc. 18 at 12).  The envelopes were addressed to the following individuals: Earl Sanders, Department of Justice; Pam Ahlin, Executive Director of CSH; Dr. Sing, Chief Medical Officer; Steven Mayberg, Director of California Department of Mental Health; Arnold Schwarzenegger, Governor of California; Virginia Cunningham, Unit T-01 Supervisor; Dinah Granafei, Attorney, Orange County Public Defender's Office; Jerry Brown, Attorney General of California; and Erick Holder, United States Attorney General.  *Id.* Approximately three days later, five of the envelopes were returned to Plaintiff with a note that stated indigent patients were permitted to send only one letter per week.  *Id.* at 12-13.

On March 26, 2009, Plaintiff mailed two manila envelopes labeled "legal mail" and addressed to Dina Granafei.  The envelopes were returned to Plaintiff with Post-It notes indicating the amount of postage due.  (Doc. 18 at 13, Exhibits 11-12).  Also, Plaintiff received a note stating that indigent individuals "are allowed postage at the State expense for legal mail addressed to the courts only.  These letters are not addressed to the court.  Therefore, it will be your responsibility to apply postage in the amount of $1.51 & 1.34."  (Doc. 18, Ex. 13).

In addition, Plaintiff alleges that he had "prior incidents regarding this very issue of being denied access to the Courts by failing to place postage on envelopes addressed to Defendants and/or respondents."  (Doc 18 at 13).  In September of 2008, Plaintiff submitted a writ of habeas corpus to the Orange County Superior Court, which he states "could have been summarily dismissed for no other reason than failing to follow the rules of court. . ." *Id.*

Given these facts, Plaintiff alleges that Defendants violated his right of access to the courts. Specifically, Plaintiff alleges that Defendants' "[f]ailing to place postage onto envelopes that were properly marked per the Administrations (sic) request and orders (Administrative Directives) being sent to an [a]ttorney" caused violations of the First, Sixth, and Fourteenth Amendments to the Constitution. (Doc. 18 at 5).

### A. Plaintiff's Status as a Detainee

Plaintiff is a detainee at Coalinga State Hospital. "[T]he rights afforded prisoners set a floor for those that must be afforded. . . civil detainees." *McNeal v. Mayberg*, 2008 U.S. Dist. LEXIS 101926, at *11 (E.D. Cal. Dec. 3, 2008), citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007). Therefore, though Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to determine the rights afforded Plaintiff.

### B. Access to the Courts

Prisoners have a fundamental constitutional right of "meaningful" access to the courts. *Lewis v. Casey*, 518 U.S. 343, 246 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Likewise, detainees have a protected right of access to the courts, because detainees retain even greater protections than individuals detained under criminal process. *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004). In *Lewis*, the Supreme Court defined prisoners' right of access to the courts as the "right to bring to court a grievance." *Lewis*, 518 U.S. at 354. In addition, the right of access to courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 351. A prisoner or detainee alleging a violation of his right of access to the courts must demonstrate that he has suffered an "actual injury." *Id.* at 349-50.

An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Therefore, to demonstrate an actual injury, a plaintiff must show that the defendants "hindered his efforts to pursue a legal claim." *Id.* at 351. When seeking relief for a lost opportunity to present a legal claim or relief from an unfavorable outcome in a prior legal claim, "a plaintiff must show 1) the loss of a non-frivolous or arguable claim; 2) the defendant's acts frustrating the litigation; and 3) that the relief

sought is unobtainable in a presently existing suit." *Hollis v. York*, 2010 U.S. Dist. LEXIS 109820, at *19 (E.D. Cal. Oct. 15, 2010), citing *Christopher v. Harbury*, 536 U.S. 403, 413-416 (2002).

Under CSH policy, indigent individuals such as Plaintiff have the right to send "legal documents (i.e., pleadings, writs, documents for court filings, and proof of service documents) will be mailed to the courts using first class postage, at the State's expense." (Doc. 18, Ex. 7).  Also, individuals have the right to mail legal documents to attorneys. *Id.* According to Plaintiff, the envelopes he attempted to send were labeled "legal mail."  Notably, though the definition of "legal mail" may be broad, not all mail sent to government agencies and officials must be treated as legal mail. *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all "grievance mail" directed to state agencies or officials as "legal mail" and may treat it as regular mail).

Plaintiff fails to make any factual allegations that Defendants hindered his efforts in pursuing a legal claim, or that he suffered the loss of a non-frivolous claim.  With regard to the envelopes addressed to his attorney, Ms. Dinah Granafei, this Court noted:

> Although Plaintiff alleges in his complaint that she is his public defender, nowhere on the envelopes is Ms. Granafei identified as a public defender or the address identified as the Public Defender's Office.  There is no indication that staff members were aware, or should have been aware, that mail was intended for Plaintiff's public defender.  Merely marking mail "legal mail" is not sufficient.  Plaintiff bears some obligation to identify the intended recipient with enough clarity to allow staff to recognize that the mail falls within section IV(E)(3) of Administrative Directive Number 608, which provides Plaintiff the right to mail legal documents to his attorney without prepayment of fees.

(Doc. 11 at 5). As to mail that was returned to Plaintiff the year before for similar reasons, Plaintiff mentions a habeas corpus petition that "*could have been* summarily dismissed for no other reason than failing to follow the rules of court," however, it was not. (Doc. 18 at 13) (emphasis added).  As to the set of mail at issue in this case sent March 8, 2009, he fails to allege any facts to demonstrate that the intended recipients of the letter were, in fact, actual defendants in any lawsuit that he had already initiated.  Even if they were, he has not alleged that the delay in the mail caused him any harm in the litigation.  More importantly, Plaintiff's complaint makes clear that he has not suffered an actual injury due to Defendants' actions but, instead, complains only about being required to either pay for postage or to comply with the legal mail postage policy, i.e. identifying that the mail

6

was being sent to his Deputy Public Defender. Therefore, Plaintiff is unable to state a cognizable claim against Defendants for a denial of his right to access the courts.

### C.  Failure to Supervise

Generally, supervisors cannot be held liable under ¤ 1983 for the actions of their subordinates, and there is no *respondeat superior* liability. *See Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 692-96 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in an alleged constitutional violation). However, the failure to supervise employees can lead to ¤ 1983 liability where there is a history of widespread abuse. *Abeytia v. Fresno Police Dep't*, 2009 U.S. Dist. LEXIS 49500, at *23 (E.D. Cal. June 12, 2009). To prevail on a claim that the defendants had a policy or custom of inadequate supervision, Plaintiff must establish that this policy caused a constitutional deprivation of his rights. *See Hammond v. County of Madera*, 859 F.2d 797, 801-02 (9th Cir. 1988); *Van Ort v. Estate of Stanewich*, 92 F3d. 831, 837 (9th Cir. 1996).

Plaintiff alleges that the Acting Executive Director of CSH, Pam Ahlin failed to insure that personnel at CSH acted in manners consistent with Plaintiff's right of access to the courts.  (Doc. 18 at 1-2).  In addition, Plaintiff asserts that Rick Daley and Gary Deike, acting as Chiefs of Central Program Services at CSH, failed to ensure that their subordinates comply with a policy protecting Plaintiff's access to the courts. *Id.* at 3.  Diane Wilson, Supervisor of the Mail Room at CSH, is liable according to Plaintiff, because she "blinded herself and looked the other way when she knows or should have known that the subordinates under her direct supervision" violated Plaintiff's right to access the court.  Finally, Plaintiff argues that Yvonne Beuster, as the Supervisor of the Trust Office for CSH, should have known that the policies in place caused her subordinates to violate Plaintiff's rights.

With these allegations, Plaintiff seeks to hold defendants Ahlin, Daley, Deike, Wilson, and Beuster liable for the actions of their subordinates.  However, each defendant is liable only for his or her own misconduct, and Plaintiff has not established that any policy in place caused a constitutional deprivation of his rights to access the courts.  Therefore, Plaintiff is unable to state a cognizable claim for a failure to supervise against defendants Ahlin, Daley, Deike, Wilson, and Beuster.

///

### D. Due Process and the Right to Postage

The Due Process Clause of the Fourteenth Amendment provides, "No State shall. . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV §1*. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Because Plaintiff is a detainee in a state hospital, some curtailment of his rights may be expected. *See Overton v. Bazzetta*, 529 U.S. 126, 131 (2003); *Hydrick v. Hunter*, 500 F.3d 978, 991 (9th Cir. 2007). For Plaintiff to raise a cognizable § 1983 claim based upon procedural due process, he must fulfill "three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904. Thus, to state a cognizable claim for deprivation of due process, Plaintiff must first establish the existence of a protected property interest. Specifically, Plaintiff's Complaint depends on whether there is a constitutionally protected right to postage for mailing letters.

For an indigent prisoner, the right to "postage stamps at state expense to mail legal documents" is included in the right to access the courts. *King v. Atiyeh*, 814 F.2d 565, 569 (9th Cir. 1987), citing *Bounds*, 403 U.S. at 825-25. However, the right to free postage may be limited. *See, e.g, id* (indigent inmates "must be provided postage stamps at state expense to mail legal documents, although a state may adopt reasonable postage stamp regulations"); *Twyman v. Crisp*, 584 F.2d 352, 358-59 (10th Cir. 1978); *Bach v. Coughlin*, 508 F.2d 303, 307-08 (7th Cir. 1974) (regulations on mail "are a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations"). This Court held previously,

> [A] plaintiff *does not have a constitutional right to postage*, even if he is indigent. The Constitution does not provide plaintiff with any guarantee that he may mail whatever he chooses free of charge so long as the documents are being mailed to the courts, those holding public office, lawyers, district attorneys, or senators.

*Rodriguez v. Stone*, 2007 U.S. Dist. LEXIS 95789, at *8 (E.D. Cal. Dec. 6, 2007) (emphasis added). In examining a plaintiff's right to postage of mail, "a reviewing court should focus on whether the individual plaintiff. . . has been denied meaningful access to the courts." *King*, 814 F.2d at 568.

As established above, Plaintiff was not denied meaningful access to the courts. Plaintiff failed to establish the existence of a protected property interest, and his claim for a Fourteenth Amendment violation is without merit. Therefore, Plaintiff cannot state a cognizable claim against Defendants for denial of postage.

**V.  Conclusion and Order**

Based upon the foregoing, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Similarly, Plaintiff's Complaint and Supplemental Complaint failed to state claims upon which relief could be granted. Accordingly, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Therefore, it **IS HEREBY ORDERED**:

1. This action is **DISMISSED WITH PREJUDICE**; and
2. Because this Order dismissing the First Amended Complaint concludes this case, the Clerk of the Court is ordered to close this matter.

IT IS SO ORDERED.

Dated:   **November 16, 2010**                   /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE